Decided March 7, 1989

COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

COMMONWEALTH TRIAL COURT

| | | |
|---|---|---|
| COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS, | ) ) ) | CRIMINAL ACTION NO. 68-191(F) |
| Plaintiff, | ) ) | ORDER |
| vs. | ) ) ) | |
| LEE CHI MING, a/k/a TOMMY LEE, | ) ) ) | |
| Defendant. | ) ) | |

Defendant's Motion to Dismiss for Multiplicity of Counts came before the Court for a hearing on February 27, 1989 in Courtroom C, at which time the Defendant appeared through counsel, Mr. Kosack, and the Government appeared through Mr. Hayden. At the conclusion of the hearing, the Court took the matter under advisement.

The Information in this case charges the Defendant with Kidnapping in Count I, Kidnapping in Count II, and False Arrest in Count III of the Information. The basis of the Kidnapping charge in Count I is the unlawful confinement of the victim for a substantial period with the purpose of interfering with the performance of a governmental function. The basis of the Kidnapping charge in Count II is the unlawful removal of the victim from his place of residence or business or a substantial distance from the vicinity where he was

**640**

found. The basis for the charge of False Arrest in Count III is the unlawful detainment of the victim against his will and without authority on the part of the Defendant.

The Defendant contends that the separation of these three Counts arising from the facts of the case constitutes multiplicity of charges. The Prosecutor contends that there is no multiplicity of charges in that each of the Counts has different elements so that a proof of one will not result in the proof of another. At the same time, the Prosecutor contends that a consolidation of these Counts into one Count would constitute a duplicitous charge.

The Court understands that an information which charges a single offense in different counts is multiplicitous. An Information charging two or more distinct offenses in a single count is duplicitous. If either of these two situations occur and the Defendant is prejudiced thereby, the Court may dismiss the Information. Multiplicity does not exist if each count of the indictment requires proof of facts that the other counts do not require.

Under Count I of the Information herein, the Government has to prove the following elements:

1. An unlawful confinement of a person,

2. For a substantial period of time,

3. For the purpose of interfering with the performance of a governmental function.

The elements that need to be proved in Count II of the Information are as follows:

1. The unlawful removal of a person,

2. From his place of residence or business or vicinity where he was found (substantial distance therefrom)

The elements to be proved under Count III of the Information are as follows:

1. Unlawful detainment of a person,

2. Against the person's will,

3. Without authority to do so.

It appears that the elements are different from one count to the other and that each count would require certain proof of facts that the other counts do not require. It also appears that if all three counts are combined into one count, it might obscure the specific charges and prevent the jury from deciding guilt or innocence on each offense separately and may lead to uncertainty as to whether the Defendant's conviction is based on a unanimous jury decision.

Based on the above discussions, the Court concludes that the three separate Counts in the Information do not constitute a multiplicitous charge.

IT IS HEREBY ORDERED that the motion to dismiss certain charges or consolidate the different charges is hereby DENIED.

ENTERED this ___7th___ day of ___March___, 1989.

_____
Ramon G. Villagomez
Associate Judge

**642**